PENNSYLVANIA MANUFACTURERS' ASSOCIATION INSURANCE COMPANY

v.

The PENNSYLVANIA STATE UNIVERSITY and John Doe A.

Appeal of The Pennsylvania State University.

Superior Court of Pennsylvania.

Argued Jan. 19, 2013.

Filed Feb. 21, 2013.

Reargument Denied April 25, 2013.

Jerold Oshinsky, Chicago, IL, for appellant.

Charles L. Becker, Philadelphia, for Doe A, appellee.

Steven J. Engelmyer, Philadelphia, for Pa. Manufacturers', appellee.

\* Retired Senior Judge assigned to the Superior Court.

BEFORE: LAZARUS, J., OTT, J., and STRASSBURGER, J.\*

OPINION BY LAZARUS, J.:

The Pennsylvania State University ("Penn State") appeals from an order entered in the Court of Common Pleas of Philadelphia County coordinating a suit filed in Centre County with one filed in Philadelphia County and ordering the transfer of the Centre County suit to Philadelphia County.[1] Upon review, we affirm.

This matter arises from an insurance coverage dispute between Penn State and the Pennsylvania Manufacturers' Insurance Association Insurance Company ("PMA"), which insures Penn State under a series of general liability policies. This case is collateral to an action filed in Philadelphia County by John Doe A against Penn State, among others, for alleged sexual abuse by Gerald Sandusky while Sandusky was an employee of Penn State. *John Doe A v. The Second Mile et al.,* Phila. C.C.P., November Term, 2011, No. 2968, filed 11/30/2011.

On January 6, 2012, Penn State gave PMA notice of the *Doe A* complaint and made a claim for coverage under its general liability policy. Penn State and PMA had several meetings on the issue of Penn State's defense of the *Doe A* suit. However, on January 31, 2012, PMA issued a reservation of rights letter to Penn State, declaring that it believed its obligation under the policy to defend and indemnify Penn State was more limited than Penn State had claimed. PMA simultaneously filed a declaratory judgment action in Philadelphia County seeking a judicial declara-

1. While an order transferring venue is interlocutory, it is appealable as of right. Pa. R.A.P. 311(c).

tion in support of its position ("the Philadelphia County Action"). Philadelphia County Action Complaint ¶ 2. Pursuant to *Vale Chemical Co. v. Hartford Accident and Indemnity Co.*, 512 Pa. 290, 516 A.2d 684 (1986), PMA also named John Doe A as a defendant in the Philadelphia County Action. Appellee's Brief at 12.

Penn State then filed a countersuit in Centre County against PMA, claiming breach of contract and bad faith ("the Centre County Action"). Penn State contends that PMA breached its insurance contract when it refused to defend and indemnify Penn State in the *Doe A* suit. Penn State also complains that PMA acted in bad faith by initially cooperating with Penn State, inducing Penn State into believing they were partners, and then filing the declaratory judgment action without notice on the same day it sent Penn State the reservation of rights letter.

On February 21, 2012, PMA filed a Motion to Coordinate and Transfer Civil Action ("Transfer Motion") pursuant to Pa. R.C.P. 213.1, along with a supporting brief, in the Philadelphia Court of Common Pleas, requesting the Philadelphia County Action and Centre County Action be coordinated in Philadelphia. On March 9, 2012, Penn State filed a Petition to Transfer Venue in the Philadelphia Court of Common Pleas, but arguing that Centre County was the correct forum for the dispute, as the case had minimal connections to Philadelphia. Penn State also argued for coordination and transfer pursuant Pa. R.C.P. 213.1, and in the alternative, on *forum non conveniens* grounds pursuant to Pa.R.C.P. 1006(d)(1).

On April 10, 2012, the Honorable Arnold New of the Philadelphia Court of Common Pleas granted PMA's February 21, 2012 motion, and ordered the transfer of the Centre County Action to Philadelphia County and its coordination with the Phila-

delphia County Action. On April 20, 2012, the Honorable Gary Glazer of the Philadelphia Court of Common Pleas denied Penn State's March 9, 2012 Motion. Penn State filed a timely appeal of Judge New's April 10, 2012 order to this Court. Thus, the focus of this appeal is the trial court's application of Pa.R.C.P. 213.1, not Pa. R.C.P. 1006(d)(1).

Penn State argues that the trial court erred in coordinating the actions in Philadelphia, and abused its discretion under Rule 213.1, by: (1) misapplying the Rule 213.1(c) factors; (2) disregarding established caselaw interpreting the 213.1(c) factors; and (3) giving undue weight to tangential considerations. Appellant's Brief, at 14.

We review an order coordinating actions for abuse of discretion by the trial court. This Court has explained that:

> [w]here the record provides a sufficient basis to justify the order of coordination, no abuse of discretion exists. Whether we would have reached the same conclusion is immaterial. In exercising its discretion, the trial court should receive guidance not only from the enumerated [Rule 213.1(c)] criteria ... but also from the explanatory comment to Rule 213.1(c), which explains that the ultimate determination that the court must make is whether coordination is "a fair and efficient method of adjudicating the controversy."

*Washington v. FedEx Ground Package System*, 995 A.2d 1271, 1277 (Pa.Super.2010) (internal citations removed).

Pa.R.C.P. 213.1 provides, in relevant part:

**Rule 231.1. Coordination of Actions in Different Counties**

. . .

(c) In determining whether to order coordination and which location is appro-

priate for the coordinated proceedings, the court shall consider, among other matters:

(1) whether the common question of fact or law is predominating and significant to the litigation;

(2) the convenience of the parties, witnesses and counsel;

(3) whether coordination will result in unreasonable delay or expense to a party or otherwise prejudice a party in an action which would be subject to coordination;

(4) the efficient utilization of judicial facilities and personnel and the just and efficient conduct of the actions;

(5) the disadvantages of duplicative and inconsistent rulings, orders or judgments;

(6) the likelihood of settlement of the actions without further litigation should coordination be denied.

Pa.R.C.P. 213.1(c).

There is no dispute that these actions contain a common question of fact or law, and that they should be coordinated. Appellant's Brief at 14; Appellee's Brief at 5. Thus, the sole question is where the action should be coordinated, based on the relative convenience, the risk of prejudice or delay, and the efficient utilization of judicial facilities.

In finding for PMA, the trial court properly considered the Rule 213.1(c) criteria. The court noted that PMA filed its action with the Philadelphia Commerce Court Program, which specializes in such actions, and thus would be a more efficient venue than the Centre County courts. Trial Court Opinion, 8/7/2012, at 3. The trial court conceded that it would present some hardship for Penn State witnesses to travel to Philadelphia; however, PMA is located in the Philadelphia suburbs, and Penn State's defense team includes lawyers from Chicago and Los Angeles, who would presumably find it easier to travel to Philadelphia, with its larger airport. The trial court noted "[a]s the two competing forums are 200 miles apart, some inconvenience is inevitable no matter where the cases are coordinated." Trial Court Opinion, 8/7/2012, at 4. However, the trial court determined that Philadelphia was not so inconvenient to Penn State as to warrant coordinating the case in Centre County.

Penn State argues that the trial court misapplied the Rule 213.1(c) factors by not placing sufficient emphasis on the convenience of the parties, which Penn State asserts is the primary consideration where the only question is where the actions should be coordinated. Penn State analogizes to a *forum non conveniens* analysis, and argues that Centre County is overwhelmingly more convenient than Philadelphia County. Appellant's Brief, at 17–21. While this is a reasonable argument, it provides no support for the contention that the trial court must weigh convenience over the other Rule 213.1 elements. This ignores our language in *Washington*, which echoes that of the official comment to Rule 213.1, that the primary consideration is a fair and efficient adjudication. *Washington, supra*, at 1277; Pa.R.C.P. 213.1 Official Comment.

Penn State has also asserted that the trial court disregarded established case law when interpreting the Rule 213.1(c) factors. This argument is similar to Penn State's first argument, as it cites several cases in which coordination and transfer was ordered largely on convenience grounds. *See e.g. Wohlsen/Crow v. Pettinato Associated Contractors & Engineers, Inc.*, 446 Pa.Super. 215, 666 A.2d 701 (1995). We reiterate that convenience is only one factor, and not the overriding factor, in such determinations. While the trial courts in *Wohlsen/Crow* and the other

cases Penn State cites may have largely looked to the convenience of the parties, this caselaw does not stand for the proposition that convenience must be the primary consideration. Additionally, the trial court has reasonably shown that Philadelphia is more convenient for at least some of the participants in this litigation. Trial Court Opinion, 8/7/2012, at 4.

Finally, Penn State argues that the trial court improperly examined "tangential considerations" such as the Philadelphia Action being the first-filed suit. Appellant's Brief at 26. This argument conflicts with the plain language of Rule 213.1(c): "the court shall consider, *among other matters* .... " (emphasis added). Thus, the trial court must consider the enumerated factors, but is free to consider other matters as well in making its determination.

Ultimately, as we explained in *Washington,* the trial court's primary task is not to balance the relative convenience of the parties, but to decide if the proposed coordination would provide "a fair and efficient method of adjudicating the controversy." *Washington, supra,* at 1277. Convenience is relevant to this analysis, but not dispositive. Accordingly, the trial court did not abuse its discretion in finding the Philadelphia County Court of Common Pleas as being a "fair and efficient" forum for settling this controversy.

Order affirmed.

STRASSBURGER, J., files a Concurring Opinion.

## CONCURRING OPINION BY STRASSBURGER, J.

I join the Majority Opinion.

I write separately to elaborate on a few issues in this case of first impression and considerable public interest.

First, our case law does not dictate that we must review this matter with an abuse of discretion standard. While there are many cases holding under Pa.R.C.P. 213.1 that a court's ruling on **whether** to coordinate an action is reviewed on an abuse of discretion standard, to my knowledge there are no appellate cases dealing with **where** to coordinate. I agree with the Majority that the issue of where as opposed to whether should be reviewed by the same standard.

I also agree with the Majority's determination to affirm the coordination in Philadelphia County. The Majority highlights a number of factors to consider. I agree with the analysis therein, although I am loathe to place much reliance on the first-to-file argument. The locus of suit should not be determined by a race to the courthouse.

Two other factors deserve mention. One is that John Doe A's counsel is located in Philadelphia. The instant action is not likely to settle unless the underlying action can be settled as well. That will be more likely to happen if all parties in both the coverage action and the underlying action can sit around the same table and negotiate, with or without input from a judge.

Second, it is no secret that because of their connections with Penn State and perhaps the Second Mile, judges in Centre County have recused themselves from cases spawned by Sandusky's conduct. While obviously an out-of-county judge could be assigned to this case should it be coordinated in Centre County, the importation of a judge comes with logistical difficulties—time, staff, courtroom, and the like—that do not exist for an in-county jurist.

When all of the above factors are considered, I reach the same conclusion as the Majority, that Judge New did not abuse

his discretion in coordinating these actions in Philadelphia County.