J-A29022-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| ELLIOTT GREENLEAF, P.C. | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| RICHARD DEMARCO | : | |
| | : | |
| Appellant | : | No. 1543 EDA 2018 |

Appeal from the Order Entered May 23, 2018
In the Court of Common Pleas of Montgomery County Civil Division at
No(s):  2018-0557

BEFORE:   OTT, J., DUBOW, J., and STEVENS*, P.J.E.

MEMORANDUM BY DUBOW, J.:                    **FILED JANUARY 22, 2019**

Appellant, Richard DeMarco, appeals from the May 23, 2018 Order entered in the Montgomery County Court of Common Pleas granting Elliott Greenleaf, P.C.'s ("Appellee law firm") "Motion Pursuant to Pa.R.C.P. [No.] 213.1 for Coordination, Stay and Transfer of [Appellant's] Overlapping and Duplicative Philadelphia County Action."  After careful review, we affirm on the basis of the trial court's July 2, 2018 Pa.R.A.P. 1925(a) Opinion.

Underlying this appeal is a dispute between a lawyer and his former law firm over who is entitled to a referral fee.  The facts and procedural history are as follows.  Appellee law firm has its headquarters in Montgomery County.  Appellant is a lawyer who worked for Appellee from 2012 to December 2016.

During the time Appellee law firm employed him, Appellant obtained a client who had suffered a catastrophic injury in Philadelphia County.  Appellee law firm and the client entered into a written fee agreement at Appellee law

_____

\*   Former Justice specially assigned to the Superior Court.

firm's office in Montgomery County. Appellant is not a party to the fee agreement.

Appellee law firm ultimately referred this client's personal injury case to Saltz Mongeluzzi Barrett & Bendesky, P.C. ("Referral Counsel"). On August 6, 2014, Appellee law firm and Referral Counsel entered into a written referral agreement ("Referral Agreement") in which Referral Counsel agreed to pay Appellee law firm a percentage of any counsel fees that Referral Counsel recovered in Philadelphia County on behalf of the client. Appellant is not a party to the Referral Agreement.

Appellee law firm and Referral Counsel negotiated the terms of the Referral Agreement in Appellee law firm's Montgomery County office. The Referral Agreement between Appellee law firm and Referral Counsel underlies the instant litigation.

On April 25, 2018, Referral Counsel advised Appellee law firm that the personal injury case had settled and confirmed the amount of the referral fee.

On April 27 2018, Appellant filed a *praecipe* for writ of summons in Philadelphia County indicating his intent to initiate a lawsuit against Appellee law firm seeking payment of the referral fee generated by Referral Counsel in the personal injury action in Philadelphia County.[1] On May 1, 2018, Appellant's counsel notified Appellee law firm via email of Appellant's writ.

---

[1] ***See DeMarco v. Elliott Greenleaf, P.C.***, April Term, 2018 No. 004064.

That same day, Appellee law firm initiated the instant declaratory judgment action in Montgomery County seeking a determination that it is entitled to the referral fee. Appellee law firm served its Complaint on Appellant on May 2, 2018.

Also on May 2, 2018, Appellant filed his own declaratory judgment Complaint in Philadelphia County.[2]

That same day, Appellee law firm filed a "Motion Pursuant to Pa.R.C.P. [No.] 213.1 for Coordination, Stay and Transfer of [Appellant's] Overlapping and Duplicative Philadelphia County Action."[3] Appellant filed an Objection to this Motion on May 11, 2018. Replies and Sur-replies from both parties followed.[4]

---

[2] Appellant alleged in the Complaint that, prior to his leaving Appellee law firm at the end of December 2016, the Philadelphia County personal injury client terminated Appellee law firm and expressly retained Appellant individually to continue litigating her case when he left Appellee law firm to practice law separately. *See* Complaint, 5/2/18, at ¶ 10. He also alleged that he continued to work on that case separately to the present time. *Id.* at ¶ 11.

[3] When duplicative cases are filed in the same county a court may "consolidate" them for joint consideration. *See* Pa.R.C.P. No. 213(a). When duplicative cases are filed in different counties, the court "coordinates" them for disposition. *See* Pa.R.C.P. No. 213.1(a).

[4] Additionally, on May 14, 2018, Appellant filed Preliminary Objections to the Appellee law firm's Complaint on the basis of, *inter alia*, improper venue. The trial court did not rule on Appellant's Preliminary Objections prior to Appellant taking this appeal.

On May 23, 2018, the Montgomery County Court of Common Pleas granted Appellee law firm's Motion coordinating the Montgomery County and Philadelphia county actions in Montgomery County.

This timely appeal followed. Both Appellant and the trial court complied with Pa.R.A.P. 1925.

Appellant raises the following issues on appeal:

1. Whether the [t]rial [c]ourt erred in consolidating the Philadelphia action, *DeMarco v. Elliott Greenleaf, P.C.*, No. 180404064, in Montgomery County where: (a) the Philadelphia action was first filed; (b) [Appellee law firm] was terminated as counsel in the underlying personal injury case; (c) the victim in the underlying personal injury action lives in Philadelphia and is seriously injured; (d) the matter may be more conveniently litigated in Philadelphia; (e) Philadelphia retains a stronger interest in the adjudication of a referral fee dispute in a Philadelphia case; (f) litigating the matter in Philadelphia reduces the possibility of contradictory rulings; (g) the likelihood of early resolution is greater by keeping the matter in Philadelphia; and (h) an open Philadelphia [o]rphans['] [c]ourt matter is relevant to the instant case[?]

2. Whether the [t]rial court erred in consolidating the Philadelphia action, *DeMarco v. Elliott Greenleaf, P.C.*, No. 180404064, in Montgomery County where: (a) venue does not lie against [Appellant] in Montgomery County because the victim in the underlying personal injury action giving rise to this fee dispute lives in Philadelphia; (b) the accident in the underlying personal injury action occurred and was litigated wholly in Philadelphia; (c) [Appellant] worked in the Philadelphia office of [Appellee law firm] when he originated the underlying personal injury action; (d) [Referral Counsel] for the underlying personal injury action [ ] is headquartered in Philadelphia and litigated the underlying case out of Philadelphia; (e) the [Fee Agreement] between the personal injury plaintiff and [Referral Counsel] was made in Philadelphia; (f) the alleged [Referral Agreement] between [Appellee law firm] and [Referral Counsel] was made in Philadelphia; (g) [Appellant] resides in Philadelphia; and (h) a Philadelphia County[o]rphans'

- 4 -

[c]ourt matter concerning the settlement in the underlying personal injury action is (or will be) currently pending and directly relevant to the case[?]

Appellant's Brief at 5-6 (reordered for ease of disposition).

In his first issue, Appellant claims the trial court abused its discretion in coordinating the Philadelphia and Montgomery County actions in Montgomery County.

Our standard of review for an order of coordination is whether the trial court abused its discretion. ***Pa. Mfrs.' Ass'n Ins. Co. v. Pa. State Univ.***, 63 A.3d 792, 794 (Pa. Super. 2013). The following principles guide our review.

> Where the record provides a sufficient basis to justify the order of coordination, no abuse of discretion exists. Whether we would have reached the same conclusion is immaterial. In exercising its discretion, the trial court should receive guidance not only from the enumerated [Pennsylvania Rule of Civil Procedure 213.1(c)] criteria … but also from the explanatory comment to Rule 213.1(c), which explains that the ultimate determination that the court must make is whether coordination is "a fair and efficient method of adjudicating the controversy."

***Washington v. FedEx Ground Package Sys. Inc.***, 995 A.2d 1271, 1277 (Pa. Super. 2010) (citations omitted).

Further, Rule 213.1 provides, in part, as follows.

**Rule 213.1 Coordination of Actions in Different Counties**

(a) In actions pending in different counties which involve a common question of law or fact or which arise from the same transaction or occurrence, any party, with notice to all other parties, may file a motion requesting the court in which a complaint was first filed to order coordination of the actions. Any party may file an answer to the motion and the court may hold a hearing.

…

(c) In determining whether to order coordination and which location is appropriate for the coordinated proceedings, the court shall consider, among other matters:

(1) whether the common question of fact or law is predominating and significant to the litigation;

(2) the convenience of the parties, witnesses and counsel;

(3) whether coordination will result in unreasonable delay or expense to a party or otherwise prejudice a party in an action which would be subject to coordination;

(4) the efficient utilization of judicial facilities and personnel and the just and efficient conduct of the actions;

(5) the disadvantages of duplicative and inconsistent rulings, orders or judgments;

(6) the likelihood of settlement of the actions without further litigation should coordination be denied

(d) If the court orders that actions shall be coordinated, it may

(1) stay any or all of the proceedings in any action subject to the order, or

(2) transfer any or all further proceedings in the actions to the court or courts in which any of the actions is pending, or

(3) make any other appropriate order.

…

Pa.R.C.P. No. 213.1(a), (c)-(d).

In particular, Appellant alleges that the "manifest weight of the relevant Rule 213.1 factors [] all favor coordination in Philadelphia." Appellant's Brief at 19. In particular, Appellant claims that the following factors militate in favor of coordinating the actions in Philadelphia County: (1) the Philadelphia County action was the first-filed and this factor should be determinative; (2)

- 6 -

Referral Counsel has submitted an application in Philadelphia County for approval of the settlement and attorney's fees in the personal injury action; (3) forum shopping motivated Appellee law firm to file its action in Montgomery County; (4) Montgomery County is an inconvenient forum for the parties, counsel, and witnesses, including the plaintiff in the underlying personal injury action; (5) Philadelphia County has a primary and fundamental interest in the conduct of the underlying personal injury action and any litigation arising out of the fee generated therein; and (6) keeping the litigation in Philadelphia County avoids the disadvantages of duplicative and inconsistent rulings. *Id.* at 19-22.

In considering whether to coordinate these actions in Montgomery County, the trial court noted that the parties both sought coordination. Thus, it concluded, that factors one, three, four, and five are irrelevant to determining which county is more proper. Trial Ct. Op., 7/2/18, at 5. Following its analysis of Appellant's argument and the remaining two Rule 213.1(c) factors—the convenience of the parties, witnesses, and counsel, and the likelihood of settlement—the court concluded that coordination of the parties' nearly identical actions was appropriate in Montgomery County. The Honorable Garrett D. Page has authored a comprehensive, thorough, and well-reasoned Opinion in addressing the application of the Rule 213.1(c) factors. After a careful review of the parties' arguments and the record, we adopt this trial court's Opinion as our own and conclude that the court did not abuse its discretion in ordering coordination of the parties' action in Montgomery

- 7 -

County. *See id.* at 5-7 (concluding that: (1) the location of the plaintiff in the underlying Philadelphia County personal injury action is irrelevant to the parties' dispute over the referral fee; (2) there is no longer a risk of contradictory rulings as the court coordinated the cases; (3) the Montgomery County court is just as capable of receiving and respecting rulings of the Philadelphia orphans' court, which is holding in escrow the proceeds of the personal injury settlement, as a Philadelphia County Court of Common Pleas judge would be; (4) there is no reason to believe that the possibility of settlement is increased by keeping the matter in Philadelphia; (5) Montgomery County has a greater interest than Philadelphia County in enforcing agreements entered into within this county; (6) on balance, Montgomery County is more convenient for the parties, witnesses, and counsel). Accordingly, we affirm.[5]

Order affirmed.

_____

[5] To the extent that Appellant presents to this Court a challenge to the trial court's determination that venue is proper in Montgomery County, we note that, generally, orders sustaining the venue of the matter are not immediately appealable. *See* Pa.R.A.P. 311(b) (explaining that a party may appeal an order sustaining venue only if "the plaintiff, petitioner or other party benefitting from the order files of record within ten days after the entry of the order an election that the order shall be deemed final" or "the court states in the order that a substantial issue of venue or jurisdiction is presented."). Because neither of the enumerated exceptions to the general rule are present in the instant case, Appellant's attempt to appeal from the determination that venue is proper in Montgomery County is premature. We, thus, decline to address it.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 1/22/19

Filed 7/19/2018 4:19:27 PM Superior Court Eastern District
1543 EDA 2018

2018-08557-0028  7/2/2018 3:44 PM  # 11850040
Rcpt#Z3429198  Fee:$0.00  Opinion
Main (Public)
MontCo Prothonotary

**IN THE COURT OF COMMON PLEAS OF MO**

**CIVIL DIVIS**

| | | |
|---|---|---|
| **ELLIOTT GREENLEAF, P.C.** | : | **LOWER COURT DOCKET:** |
| | : | **NO. 2018-08557** |
| | : | |
| **v.** | : | |
| | : | **1543 EDA 2018** |
| **RICHARD DEMARCO** | : | |

## OPINION

**Page, J.**                                                                                      *July 2, 2018*

Defendant appeals from this Court's Order granting Coordination, Stay and Transfer pursuant to Pa. R.C.P. 213.1 on May 22, 2018. For the reasons set forth below, Defendant's appeal is without merit. Therefore, any claim of error on the part of this Court should be dismissed and the ruling should be affirmed.

### FACTS AND PROCEDURAL HISTORY

In this case, an action for declaratory judgment was filed in Montgomery County on May 1, 2018. *See* Docket Entry Seq. 0. On May 2, 2018, a "Motion Pursuant to Pa.R.C.P. 213.1 for Coordination, Stay and Transfer of Defendant's Overlapping and Duplicative Philadelphia County Action" was filed. *See* Docket Entry Seq. 1. Thereafter, an Objection was filed on May 11, 2018 by Defendant, a Reply Memorandum of Law was filed by Plaintiff on May 15, 2018, a Sur-Reply was filed on May 17, 2018, and a Sur-Sur-Reply was filed on May 22, 2018. *See* Docket Entry Seq. 3, 6, 11, 13. This Court's Order granting Coordination, Stay, and Transfer was docketed on May 23, 2018. *See* Docket Entry Seq. 14.

The declaratory judgment action arises out of a Referral Fee arrangement between Elliott Greenleaf and another law firm. Elliott Greenleaf is headquartered in Montgomery County.

1

Elliott Greenleaf entered a written fee agreement with their client at their office in Montgomery County. *See* Motion Pursuant to Pa.R.C.P. 213.1 for Coordination, Stay and Transfer of Defendant's Overlapping and Duplicative Philadelphia County Action ¶ 3. The Fee agreement is between the firm and the client, not between the Defendant and the client. *Id.* at ¶¶ 4-6. It was determined that it was in the client's best interest to refer the case to Saltz Mongeluzzi, Barrett & Bendesky PC. *Id.* at ¶ 7. Thereafter, on August 6, 2014, Referral Counsel confirmed in writing that it would pay Elliott Greenleaf a percentage of any legal fees which were recovered. *Id.* This negotiation occurred in the Montgomery County offices. *Id.* Thereafter, the Defendant left Elliott Greenleaf. *Id.* at ¶ 12.

Elliott Greenleaf was advised on April 25, 2018 by Referral Counsel that the case had settled, and confirmed the amount of the referral fee. *Id.* at ¶ 16. A copy of the referral agreement was included. *Id.* Subsequently, Defendant asserted that he was entitled to the referral fee. Elliott Greenleaf filed their declaratory judgment action in Montgomery County on May 1, 2018, and served it on May 2, 2018 following discussions with Defendant's counsel. *Id.* at ¶ 18-20. Defendant filed an overlapping complaint in Philadelphia County on May 2, 2018. *Id.* at ¶ 21. Defendant had filed a writ of summons in April of 2018, which was unknown to Elliott Greenleaf before May 1, 2018. *Id.* at ¶ 21 Fn. 2. Both complaints seek declaratory judgment that the respective party is entitled to the referral fee at issue.

On May 24, 2018, the Defendant filed a timely Notice of Appeal.

### ISSUES

Defendant's Concise Statement, received in chambers on June 26, 2018, raises the following issues:

1. Whether the Court erred in consolidating the Philadelphia case, *DeMarco v. Elliot Greenleaf LLC*, No. 180404064, in Montgomery County where venue does not lie against

2

DeMarco in Montgomery County because the victim in the underlying personal injury action lives in Philadelphia, the accident in the underlying personal injury action occurred and was litigated wholly in Philadelphia, DeMarco worked in the Philadelphia office of Elliott Greenleaf when he originated the underlying personal injury action, litigation co-counsel for the underlying personal injury action (Saltz Mongeluzzi) is headquartered in Philadelphia and litigated the underlying case out of Philadelphia, the agreement between the personal injury plaintiff in the underlying case was made in Philadelphia, the alleged agreement between Elliot Greenleaf and Saltz Mongeluzzi was made in Philadelphia, DeMarco resides in Philadelphia, and an open Philadelphia Orphan's Court matter is relevant to the case.

2. Whether the Court erred in consolidating the Philadelphia case *DeMarco v. Elliot Greenleaf LLC*, No. 180404064, in Montgomery County where the Philadelphia action was first filed, Elliot Greenleaf was terminated as counsel in the underlying personal injury case, the victim in the underlying personal injury action lives in Philadelphia and is seriously injured, the matter may be more conveniently litigated in Philadelphia, Philadelphia retains a stronger interest in the adjudication of a referral fee dispute in a Philadelphia case, litigating the matter in Philadelphia reduces the possibility of contradictory rulings, the likelihood of settlement is greater by keeping the matter in Philadelphia, and an open Philadelphia Orphan's Court matter is relevant to the case.

## ANALYSIS

### I. Venue

First, the Defendant challenges venue as improper. He claims venue does not lie in Montgomery County. The Defendant then goes on to list numerous connections he claims this action has with Philadelphia County and lists facts about the underlying action. That is irrelevant. Venue can be proper in more than one place. The only question is whether venue also lies in Montgomery County. Initially, Defendant has Preliminary Objections pending in Montgomery County challenging venue which have not been decided. This Court also did not explicitly rule on venue. However, because venue must be proper in Montgomery County for this Court to coordinate the cases, this Court will address the propriety of venue in Montgomery County.

"An action against an individual may be brought in and only in a county in which […] the cause of action arose or where a transaction or occurrence took place out of which the cause of action arose."Pa.R.C.P. No. 1006 (a) (1). Further, the Pennsylvania Superior Court has held that

3

"in the absence of an agreement to the contrary, 'payment is due at the plaintiff's residence or place of business, and venue is proper there in a breach of contract action alleging failure to make payment.' *Scarlett v. Mason*, 2014 PA Super 76, 89 A.3d 1290, 1293 (Pa. Super. Ct. 2014) (*citing Lucas Enterprises, Inc. v. Paul C. Harman Co., Inc.*, 273 Pa.Super. 422, 417 A.2d 720 (1980)) (internal citations omitted). The cause of action at issue alleges the non-payment of a fee. That payment is due at plaintiff's place of business, in Montgomery County. Thus, venue is proper in Montgomery County.

## II. Consolidation

Defendant also alleges error in this Court's consolidation of the two matters in Montgomery County. Appellate Courts "review an order coordinating actions for abuse of discretion by the trial court." *Pennsylvania Manufacturers' Association Insurance Co. v. The Pennsylvania State University*, 63 A.3d 792, 794 (Pa.Super.2013). "In deciding whether and where to coordinate actions, the court must consider the totality of the circumstances, and examine in particular the factors enumerated in section (c). If the court then decides that coordination is appropriate, it may do so in any court in which one or more of the actions is pending. The choice of venue, like the decision to coordinate, is left to the sound discretion of the trial court, and [the Appellate Courts] will not reverse absent an abuse of that discretion." *Wohlsen/Crow v. Pettinato Associated Contractors & Engineers, Inc.*, 446 Pa.Super. 215, 220, 666 A.2d 701, 704 (1995). Pa.R.C.P. 213.1 provides:

> (a) In actions pending in different counties which involve a common question of law or fact or which arise from the same transaction or occurrence, any party, with notice to all other parties, may file a motion requesting the court in which a complaint was first filed to order coordination of the actions. Any party may file an answer to the motion and the court may hold a hearing.

4

(b) The court in which the complaint was first filed may stay the proceedings in any action which is the subject of the motion.

Pa.R.C.P. 213.1 (a)-(b).

Further, Pa.R.C.P. 213.1 subsection (c) sets forth various factors, which the trial court is to consider in deciding whether coordination was proper:

(1) whether the common question of fact or law is predominating and significant to the litigation;
(2) the convenience of the parties, witnesses and counsel;
(3) whether coordination will result in unreasonable delay or expense to a party or otherwise prejudice a party in an action which would be subject to coordination;
(4) the efficient utilization of judicial facilities and personnel and the just and efficient conduct of the actions;
(5) the disadvantages of duplicative and inconsistent rulings, orders or judgments;
(6) the likelihood of settlement of the actions without further litigation should coordination be denied.

Pa.R.C.P. 213.1(c).

Here, both parties sought coordination of the cases. The parties merely disagreed on which county should coordinate the cases. Therefore, factors one, three, four, and five are not relevant to determining which county is more proper in this case. Those factors clearly weigh in favor of coordination where neither party disputes that both the Montgomery County and Philadelphia County actions are identical causes of action.

Defendant argues that Philadelphia County is the more proper venue because the victim in the underlying personal injury case subject to the referral fee is seriously injured and there is a Philadelphia Orphan's Court matter related to that settlement. These arguments misunderstand the question before this Court. While it is true that the underlying case arises in Philadelphia, the question this Court must address is whether the declaratory judgment action regarding the *referral fee* is more closely related to Philadelphia or Montgomery County. It is clear to this Court that the referral fee arose in Montgomery County. Defendant argues that litigating this matter in Philadelphia will reduce the possibility of contradictory rulings; however, there is no

5

longer a risk of contradictory rulings. The cases have been coordinated, and no contradictory rulings will be issued in this case. If Defendant has concerns that the Philadelphia Orphan's Court rulings will in some way affect this case, this Court is certain that it is just as capable of respecting the ruling of Philadelphia Orphan's Court as a Philadelphia Court of Common Pleas Judge would be. This Court is also equally capable of receiving rulings from the Philadelphia Orphan's Court should that become relevant and necessary to this litigation.

Further, there is no reason to believe that the possibility of settlement is increased by keeping the matter in Philadelphia. This Court is available for Settlement Conference if desired by the parties. There is nothing particular about the Philadelphia Court system that weighs in favor of transferring the case to Philadelphia County. Nor would the likelihood of settlement have been increased by denying coordination, which as was mentioned *supra*, both parties sought.

Judicial resources are clearly most justly and efficiently used by litigating an identical action only once. This factor is met by coordination. The main consideration before this Court was the convenience of parties, witnesses, and counsel, and the appropriate venue. Defendant argues that Philadelphia has a stronger interest in adjudicating a fee dispute in a Philadelphia case. However, this Court believes that Montgomery County has a greater interest in enforcing agreements entered into within this County.

Finally, this Court gave due consideration to the convenience of parties, witnesses, and counsel in this litigation. Elliott Greenleaf is entirely based in Montgomery County. The attorney from Elliott Greenleaf who entered into the Fee Agreement on Elliott Greenleaf's behalf works and resides in Montgomery County. Additionally, Saltz Mongeluzzi has an office in Montgomery County, and Robert J. Mongeluzzi and Larry Bendesky, named partners of the firm providing the referral fee, reside in Montgomery County. *See* Reply Memorandum of Law,

6

affidavit of Colin O'Boyle. While it is true that Defendant DeMarco resides in Philadelphia, in the balance of the witnesses, and in the totality of the circumstances, it is more convenient to litigate this case in Montgomery County. After a consideration of the enumerated factors, and the totality of the circumstances, this Court determined that coordination was proper in Montgomery County. Thus, this Court did not misapply the law or abuse its discretion, and this claim must fail.

## CONCLUSION

For all of the aforementioned reasons, this Court's decision and order should be **AFFIRMED**.

BY THE COURT:

_____
GARRETT D. PAGE,      J.

Copies of the above Opinion
Mailed on _7 - 2 - 18_
Court Administration
Colin O'Boyle, Esquire
Mark Schwemler, Esquire
Alexander Bochetto, Esquire
John O'Connell, Esquier
_____
Judicial Secretary

7