Michael WASHINGTON,
et al., Appellants

v.

FEDEX GROUND PACKAGE SYSTEM, INC., A Delaware Corporation and David F. Rebholz, Appellee.

Lawrence Berholdt, et al., Appellants

v.

FedEx Ground Package System, Inc., A Delaware Corporation and David F. Rebholz, Appellee.

William Beyers, et al., Appellants

v.

FedEx Ground Package System, Inc., A Delaware Corporation and David F. Rebholz, Appellee.

Joseph Schwoyer, et al., Appellants

v.

FedEx Ground Package System, Inc., A Delaware Corporation and David F. Rebholz, Appellee.

Emmanual Vogt, et al., Appellants

v.

FedEx Ground Package System, Inc., A Delaware Corporation and David F. Rebholz, Appellee.

Roy Maranki, et al., Appellants

v.

FedEx Ground Package System, Inc., A Delaware Corporation and David F. Rebholz, Appellee.

Jay Poplawski, et al., Appellants

v.

FedEx Ground Package System, Inc., A Delaware Corporation and David F. Rebholz, Appellee.

John Carey, et al., Appellants

v.

FedEx Ground Package System, Inc., A Delaware Corporation and David F. Rebholz, Appellee.

John Steeb, et al., Appellants

v.

FedEx Ground Package System, Inc., A Delaware Corporation and David F. Rebholz, Appellee.

James C. Snyder, et al., Appellants

v.

FedEx Ground Package System, Inc., A Delaware Corporation and David F. Rebholz, Appellee.

Nos. 240 EDA 2009, 241 EDA 2009, 242 EDA 2009, 243 EDA 2009, 244 EDA 2009, 245 EDA 2009, 246 EDA 2009, 247 EDA 2009, 248 EDA 2009, 364 EDA 2009.

Superior Court of Pennsylvania.

Argued Feb. 23, 2010.

Filed May 27, 2010.

Michael D. Donovan, Philadelphia, for appellants.

Michael J. Puma, Philadelphia and William Pietragallo, II, Pittsburgh, for appellees.

BEFORE: BOWES, OLSON and FITZGERALD,[1] JJ.

OPINION BY OLSON J.:

¶ 1 This case is procedurally complex. Appellants Michael Washington, *et al.,* filed ten individual actions in the Court of Common Pleas of Philadelphia County ("Philadelphia County court") against FedEx Ground Package System, Inc. and its President and CEO, David F. Rebholz (collectively "FedEx"). FedEx then filed a motion in the Court of Common Pleas of Allegheny County ("Allegheny County court") seeking to: (1) transfer Appellants' cases from the Philadelphia County court to the Allegheny County court; (2) coordinate Appellants' cases with two pending,

similar Allegheny County court actions; and (3) stay Appellants' cases pending the outcome of a multidistrict federal litigation in Indiana raising similar claims. On December 18, 2008, the Honorable Robert P. Horgos of the Allegheny County court granted FedEx's motions to transfer, coordinate and stay.[2] These consolidated appeals followed. We affirm the orders to the extent that they transfer and coordinate the actions. We quash the appeal with respect to the stay. A more detailed analysis follows.

¶ 2 The record establishes the following facts:

Appellants are drivers for FedEx, hired to provide pick-up and delivery services for one or more routes within the United States. Many of these drivers have brought actions against FedEx alleging, *inter alia,* that the contracts characterizing their relationships as that of independent contractors (their "Operating Agreements") are invalid, and that in reality an employer-employee relationship exists. Among those cases are 31 federal class action lawsuits which have been consolidated as part of the multi-district litigation pending at MDL 1700 in the United States District Court for the Northern District of Indiana ("**MDL 1700**"); *Woomer v. FedEx Ground Package System, Inc.,* Case No. GD 05–020678 ("*Woomer*"); and *Willis v. FedEx Ground Package System, Inc.,* Case No. 004519 ("*Willis II*"). *Woomer* and *Willis II* are putative class actions

1. Former Justice specially assigned to the Superior Court.

2. The orders regarding the transfer, coordination and stay were issued by the Allegheny County court on December 16, 2008 and docketed with that court on December 18, 2008. The same orders were then docketed with the Philadelphia County court on January 14, 2009, so as to effect the transfers, coordination and stay. Appellants filed their

notices of appeal with the Philadelphia County court on January 15, 2009, rather than with the Allegheny County court that issued the orders. Therefore, while this consolidated appeal technically references orders filed with the Philadelphia County court on January 14, 2009, it ultimately regards the Allegheny County court's orders docketed on December 18, 2008.

pending in the Allegheny County court. On January 26, 2007, the Allegheny County court entered an order, coordinating and staying *Woomer* and *Willis II*, pending the outcome of **MDL 1700**.

¶ 3 Over a year later, on April 16, 2008, the first of ten lawsuits, *Joseph Schwoyer et. al. v. FedEx Ground Package System, Inc. and David F. Rebholz,* No. 243 EDA 2009, was filed in the Court of Common Pleas of Philadelphia County, seeking to pursue individual claims against FedEx based on the same working relationship and contract as that being litigated in **MDL 1700,** *Woomer,* and *Willis II.* Since the filing of *Schwoyer,* nine other individual cases were filed in the Philadelphia County court, asserting substantially the same claims. Plaintiffs in those ten individual cases are 233 FedEx drivers from 42 different states who have either opted out of pending class actions (including **MDL 1700**) or intend to opt out of class actions, should they be certified (including *Woomer* and *Willis II* ).

¶ 4 In response to the ten individual actions filed in the Philadelphia County court, FedEx filed motions in the Allegheny County court pursuant to Pa.R.C.P. 213.1, seeking to transfer and coordinate all ten individual cases filed in Philadelphia County with *Woomer* and *Willis II,* and seeking to stay all of the matters, pending disposition of **MDL 1700.** In support of those motions, FedEx argued that in light of the overlapping factual allegations and legal claims (as well as the fact that many of the individual Pennsylvania plaintiffs are also putative class members in *Woomer* and *Willis II* ), the cases should be coordinated and stayed. According to FedEx, coordination and stay of the matters will avoid the waste of judicial resources and the risk of inconsistent judgments that may result from the simultaneous adjudication of numerous cases pending in multiple courts. FedEx also alleged that coordination would be more convenient to the parties and witnesses, mitigate unreasonable delay and expenses, increase judicial efficiency, and increase the likelihood of settlement. Ultimately, FedEx asserted that a stay of the coordinated proceedings would conserve judicial resources, promote the interest of justice, and not cause prejudice.

¶ 5 Appellants (plaintiffs in the ten individual actions) opposed Fed Ex's motions, arguing that transfer, coordination and stay with pending or putative class actions would conflict with their rights to opt out of the class action litigations, deprive them of due process, and effectively deny them access to the courts to litigate their individual claims. Furthermore, Appellants alleged that a stay would effectively enjoin their individual actions and compel them to participate in or indefinitely await, against their will, the litigation of the class action claims asserted in *Woomer, Willis II,* and **MDL 1700.**

¶ 6 On December 16, 2008, following oral argument, the Allegheny County court entered orders in all ten of Appellants' actions, granting Fed Ex's motions, transferring Appellants' cases to the Allegheny County court, coordinating their actions with *Woomer* and *Willis II,* and staying the matters pending resolution of **MDL 1700.** The Allegheny County court did not issue opinions accompanying those orders. On January 15, 2009, Appellants filed notices of appeal from the Allegheny County court's December 18, 2008 orders. The appeals were docketed on or about February 2, 2009, and on or about May 4, 2009, this Court consolidated the ten cases for briefing and argument. On May 22, 2009, the Allegheny County court issued an order stating that as a result of Judge Horgos' retirement, a Pa.R.A.P. 1925(a) opinion would not be issued in this matter.

¶ 7 Appellants present four issues for appeal:

1. Did the lower court violate the individual Drivers' fundamental right to due process and err as a matter of law, by transferring, coordinating and staying Drivers' individual opt-out cases to Pennsylvania class actions previously stayed in Allegheny County?

2. Did the lower court violate Drivers' fundamental right of access to the courts and err as a matter of law, by contradicting and nullifying the intent of the opt-out provision set forth in the class certification notices from the United States District Court for the Northern District of Indiana?

3. Did the lower court abuse its discretion and err as a matter of law by effectively enjoining the individual Drivers from pursuing their claims for an indefinite period of time, pending determination of collective class litigations from which Drivers have excluded themselves?

4. Can a trial court, in practical effect, force a party to participate, against his or her will, in class litigation by transferring and staying the party's individual action to another venue in which the class litigation is pending and stayed?

Appellants' Brief at 4.

■ ¶ 8 Prior to considering Appellants' issues, we consider our jurisdiction to hear this appeal and Fed Ex's motion to quash

that portion of the appeal relating to the stay pending resolution of **MDL 1700**.[3]

■ ¶ 9 Pursuant to Pennsylvania Supreme Court precedent, orders staying proceedings to await termination of related proceedings in another court (including a federal court), are generally considered interlocutory in nature, and therefore are appealable only if made so by statute. *Reynolds Metals Co. v. Berger*, 423 Pa. 360, 223 A.2d 855, 857 (1966). In this instance there is no statute that would render the stay immediately appealable.

¶ 10 However, the holding in *Reynolds* is subject to exceptions. Particularly, in *Philco Corp. v. Sunstein*, 429 Pa. 606, 241 A.2d 108 (1968), the Supreme Court explained that while under *Reynolds* an order issuing a stay is generally not appealable as of right,

[i]f the effect of the stay order is tantamount to a dismissal of the cause of action or amounts to a permanent denial of relief requested, the party aggrieved should undoubtedly be afforded the opportunity to appeal on the basis that such stay order is a final disposition of some, if not all, of the rights involved.

*Id.* at 109. In *Philco*, the parties were litigating ownership rights to a number of patents. There, the Court found that "[s]ince the life of the patents to which appellant claims ownership will expire after seventeen years from the date of their grant, valuable rights are being constantly diminished each and every day this case

---

**3.** FedEx did not move to quash the appeal with respect to transfer and coordination. Indeed, Rule of Appellate Procedure 311(c) provides that "[a]n appeal may be taken as of right from an order in a civil action or proceeding changing venue, transferring the matter to another court of coordinate jurisdiction, or declining to proceed in the matter on the basis of *forum non-conveniens* or analogous principles." Pa.R.A.P. 311(c). Given that the Allegheny County court's December 18, 2008

orders changed the venue of and coordinated the individual actions pursuant to Rule 213.1, we agree that the portion of the order regarding venue and coordination is appealable as of right. *See Wohlsen/Crow v. Pettinato Assoc. Contractors & Engineers, Inc.*, 446 Pa.Super. 215, 666 A.2d 701, 703 (1995) ("[A]n order directing coordination of actions in different counties [pursuant to Rule 213.1] is an interlocutory order appealable as of right.")

continues without final adjudication." *Id.* at 110.

¶ 11 In opposition to the motion to quash, Appellants argue that staying their matters until resolution of **MDL 1700** is tantamount to a permanent denial of relief, such that the *Philco* exception should apply. Opposition to Motion to Quash at 11. According to Appellants, if they are required to wait to litigate their cases, they risk the diminishment of the reliability and availability of evidence, in that they may eventually have to prove facts that are seven, eight, or even nine or more years old. *Id.* at 13. Such a delay, Appellants argue, will effectively deprive them of their day in court. *Id.*

¶ 12 FedEx argues that the stay in this matter does not have the effect of denying Appellants their valuable rights because any delay can be remedied through damages. Memorandum of Law in Support of Appellees' Motion to Quash at 6. Furthermore, FedEx points out that Appellants are free, at any time, to seek relief from the stay from the Allegheny County court, but have chosen not to do so. *Id.* FedEx also explains that, given the fact that the majority of Appellants are not Pennsylvania residents, if they are genuinely concerned about delay, they are free to abandon these actions and file actions in their home states. *Id.*

 ¶ 13 After consideration of the facts and circumstances in this matter we agree with FedEx that the exception set forth in *Philco* does not apply to this matter. Ev-

ery stay has the effect of delaying litigation and therefore threatening the reliability of evidence. However, under certain circumstances, such as this one, judicial efficiencies and the risk of inconsistent judgments outweigh the risks associated with delay. This is not a situation, such as in *Philco*, where delay will rob Appellants of their valuable rights. Appellants' rights are not going to expire and are not indefinitely delayed; they simply must await the orderly resolution of the multitude of issues accompanying their claims. Furthermore, nothing in the orders entered by the Allegheny County court prevents Appellants from filing a motion with the court asking that the stay be lifted so as to permit limited discovery. Indeed, the orders specifically provide that the actions are stayed pending the outcome of **MDL 1700** "or until further order of this [c]ourt." Allegheny County Court Orders, 12/18/08. Finally, Appellants themselves admit that while they are frustrated with being forced to await resolution of **MDL 1700**, that case does in fact continue "in earnest." *Id.* at 9.[4]

¶ 14 Consequently, FedEx's motion to quash that portion of the appeal relating to the stay issued on December 18, 2008 is granted. As the portion of the orders relating to the stay is interlocutory, we do not have jurisdiction to consider that issue on appeal at this time. We will consider only those portions of the remainder of Appellants' appeal that are separable from the stay.

---

4. Concerning Appellants' other arguments against the motion to quash, given that no injunction was issued in these matters, we find Pa.R.A.P. 311(a)(4) wholly inapplicable. Furthermore, the collateral order doctrine (Pa.R.A.P. 313) does not apply to the Allegheny County court's orders. Pursuant to Rule 313, an appeal may be taken as of right from an order that is "separable and collateral to the main cause of action where the right involved is too important to be denied review and the question presented is such that if review is postponed until final judgment in the case, the claim will be irreparably lost." For the reasons set forth below, we hold that the stay issued in these matters does not risk the irreparable loss of Appellants' rights. Therefore, the Allegheny County court's orders do not fulfill the requirements of Rule 313.

¶ 15 Turning now to Appellants' issues on appeal, the Allegheny County court's orders transferring and coordinating Appellants' actions were issued pursuant to Rule 213.1. Entitled "Coordination of Actions in Different Counties," that rule provides, in pertinent part, as follows:

(a) In actions pending in different counties which involve a common question of law or fact or which arise from the same transaction or occurrence, any party, with notice to all other parties, may file a motion requesting the court in which a complaint was first filed to order coordination of the actions. Any party may file an answer to the motion and the court may hold a hearing. . . .

(c) In determining whether to order coordination and which location is appropriate for the coordinated proceedings, the court shall consider, among other matters:

(1) whether the common question of fact or law is predominating and significant to the litigation;

(2) the convenience of the parties, witnesses and counsel;

(3) whether coordination will result in unreasonable delay or expense to a party or otherwise prejudice a party in an action which would be subject to coordination;

(4) the efficient utilization of judicial facilities and personnel and the just and efficient conduct of the actions;

(5) the disadvantages of duplicative and inconsistent rulings, orders or judgments;

(6) the likelihood of settlement of the actions without further litigation should coordination be denied.

Pa.R.C.P. 213.1.

■ ¶ 16 "We review an order coordinating actions under Rule 213.1 for abuse of discretion by the trial court. Where the record provides a sufficient basis to justify the order of coordination, no abuse of discretion exists." *Abrams v. Uchitel,* 806 A.2d 1, 7 (Pa.Super.2002). Whether we would have reached the same conclusion is immaterial. *See Trumbauer v. Godshall,* 455 Pa.Super. 40, 686 A.2d 1335, 1337 (1997). In exercising its discretion, the trial court should receive guidance not only from the enumerated criteria listed above, but also from the explanatory comment to Rule 213.1(c), which explains that the ultimate determination that the court must make is whether coordination is "a fair and efficient method of adjudicating the controversy." Pa.R.C.P. 213.1 Explanatory Comment 1990.

¶ 17 For their first issue, Appellants claim that the order transferring, coordinating and staying their claims violated their due process rights. Appellants' Brief at 13–19. Appellants argue that their state and federal Constitutional rights were violated because the practical effect of the Allegheny County court's orders is to rob them of their rights to opt out of the pending and putative class actions. *Id.* Appellants point out that different legal theories are being pursued in the individual and class actions. *Id.* at 14. Appellants believe that the differences in these theories will be lost if they are forced to coordinate with *Woomer* and *Willis II* and await determination of **MDL 1700.** *Id.* In this way, Appellants believe that the practical effect of the Allegheny County court's orders is to condition their individual actions on the outcome and litigation of the class actions. *Id.* at 16.

¶ 18 Appellants are correct that, assuming that they properly opted out of (or do opt out of) the class actions, they have an individual right of action and are entitled to pursue their claims separate from the class pursuits. *See Phillips Petroleum Co. v. Shutts,* 472 U.S. 797, 812, 105 S.Ct. 2965,

86 L.Ed.2d 628 (1985). However, Appellants overstate the practical effect of the Allegheny County court's orders. Simply coordinating their individual cases with putative class actions that undeniably involve the same Operating Agreement, the same facts and many of the same claims, does not deprive Appellants of their individual rights and does not bind them to the outcome of the class actions. They are still entitled to opt out and to vigorously pursue their individual theories. Indeed, the Allegheny County court did not **consolidate** the Appellants' individual actions, it simply **coordinated** them for discovery and other efficiency related purposes.

¶ 19 Moreover, much of Appellants' argument regarding this due process issue focuses on the stay ordered by the Allegheny County court.[5] For the reasons set forth above, appeal of that stay is quashed. Therefore, we need not consider Appellants' arguments in that regard. Appellants' first issue on appeal lacks merit.

¶ 20 Similarly, Appellants' second issue on appeal claims that the Allegheny County court's orders violate their due process rights because, in Appellants' opinion, their opt-out rights from **MDL 1700** have effectively been nullified as a result of the stay, pending resolution of **MDL 1700**. Appellants' Brief at 19–21. Appellants believe that such an effect denies them access to the courts.[6] *Id.* Given that the basis of Appellants' argument for this alleged violation focuses exclusively on the

effects of the stay, the appeal of which is quashed, we need not consider this issue.

 ¶ 21 Appellants' third issue on appeal considers the language of Rule 213.1 and application of its sections to this matter. Appellants' Brief at 21–26. According to Appellants, the Allegheny County court abused its discretion in improperly applying Rule 213.1. *Id.* Like the first two issues, much of Appellants' argument in this regard focuses on the stay. For example, Appellants argue that the Allegheny County court improperly applied Rule 213.1(d) which, in the event of a coordination order, permits the court to stay "any or all of the proceedings in any actions subject to the order." Pa.R.C.P. 213.1(d). Because we quash the appeal with regard to the stay, we need not consider this argument.

¶ 22 Issue three, however, is not completely resolved by the quashal. Although somewhat difficult to separate from its arguments regarding the stay, sections of issue three of Appellants' brief make at least a passing attempt at arguing that the Allegheny County court abused its discretion in applying section 213.1(c), which sets forth matters for the court to consider in determining whether to order coordination of actions. According to Appellants, FedEx fell short of its burden of proving that coordination is appropriate in this instance. Appellants' Brief at 23–26. In particular, Appellants argue that to justify application of Rule 213.1, FedEx was "required to demonstrate not simply mere in-

---

5. *See* Appellants' Brief at 16–19, discussing *Philco*, 241 A.2d at 110; *Moses H. Cone Memorial Hosp. v. Mercury Const. Corp.*, 460 U.S. 1, 103 S.Ct. 927, 74 L.Ed.2d 765 (1983); *McMurray v. DeVink*, 27 Fed.Appx. 88, 93–94 (3d Cir.2002); and *Radio Corp. of America [RCA] v. Rotman*, 411 Pa. 630, 192 A.2d 655 (1963). Moreover, we note that the *McMurray* decision is not binding precedent on our Court.

6. See Appellants' Brief at 19 (arguing that their right to opt-out of **MDL 1700** "is completely meaningless and effectively nullified if, as the court below ordered, any opt-out claimants suing separately must confront a stay sought by FedEx and then depend on and await resolution of class claims from which the claimants are excluded.")

convenience, but such utterly arbitrary inconvenience that litigating in the originally selected forum would be tantamount to oppression or harassment of the defendant." *Id.* at 26.

¶ 23 However, in support of that argument, Appellants cite a number of cases setting forth the burden necessary to effect change of venue, not application of Rule 213.1. *Id.* at 24, citing *Zappala v. James Lewis Group,* 982 A.2d 512, 525 (Pa.Super.2009); *Cheeseman v. Lethal Exterminator, Inc.,* 549 Pa. 200, 701 A.2d 156, 162 (1997); *Lugo v. Farmers Pride, Inc.,* 967 A.2d 963 (Pa.Super.2009); *Borger v. Murphy,* 797 A.2d 309, 312 (Pa.Super.2002). By contrast, Rule 213.1 is intended to provide

> a procedure to regulate actions which are brought in different counties but which involve common questions of law or fact or which arise from the same transaction or occurrence. The basis for the rule...[is] the avoidance of multiple trials and proceedings in these actions and the resultant economy to both the parties and the judicial system.

Pa.R.C.P. 213.1, Explanatory Comment 1990. Therefore, so long as the Allegheny County court did not abuse its discretion in finding that there are common questions of law or fact arising out of the same transaction or occurrence, such that coordination of the matters will fulfill the intentions of Rule 213.1, we will not disturb the Allegheny County court's orders.

¶ 24 In this matter the record thoroughly establishes that substantial portions of Appellants' individual cases overlap with *Woomer* and *Willis II.* Indeed, as FedEx points out, all of the cases are based upon interpretation and application of the same Operating Agreement, advancing virtually identical factual allegations. FedEx's Brief at 17–20. Consequently, the record also establishes that given the similarities of the cases, much of the necessary discovery will be duplicative. That Appellants potentially seek to focus their discovery on individual issues, as opposed to the class claims, does not lessen the fact that the discovery involving many of the same witnesses and documents will be more efficient if conducted in a coordinated manner. Such coordination will ensure judicial efficiency as well—establishing one court to address discovery issues, motions and other pretrial decisions involving the same facts and circumstances.

¶ 25 Consequently, considering the intentions of Rule 213.1, and our standard of review, we hold that the Allegheny County court did not abuse its discretion in ordering the transfer and coordination of Appellants' matters. To the contrary, we hold that transfer and coordination in such situations is precisely what Rule 213.1 is intended to accomplish. Appellants' third issue on appeal fails for lack of merit.

¶ 26 Appellants' fourth issue on appeal reiterates much of their arguments set forth in issues one through three. The crux of Appellants' concern is that, according to Appellants, the effect of the Allegheny County court's orders forces them to participate in class action litigation against their will, and subjects them to an indefinite stay. Appellants' Brief at 27–30. However, as set forth at length above, all issues regarding the stay are quashed and coordination with putative class actions in no way deprives Appellants of their individual rights. Appellants maintain the right to pursue their individual theories along side the putative classes' pursuit of their own theories. Appellants have neither been deprived of their due process rights (as argued in issues one and two) nor have they been subject to an abuse of discretion by the Allegheny County court (as argued in issues three and four). Appellants' opt-out rights are not "nullified."

Appellants' final issue also fails for lack of merit.

¶ 27 Appeal quashed in part and orders affirmed in part.