J. S54035/15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| NATIONAL ASSET LOAN | : | IN THE SUPERIOR COURT OF |
| MANAGEMENT LIMITED | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| JOHN MCCANN, | : | |
| | : | |
| Appellant | : | No. 641 EDA 2015 |

Appeal from the Orders Entered February 9, 2015
In the Court of Common Pleas of Philadelphia County
Civil Division No(s).: 003130 January Term, 2014

BEFORE: BOWES, PANELLA, and FITZGERALD,[*] JJ.

MEMORANDUM BY FITZGERALD, J.:            **FILED NOVEMBER 24, 2015**

Defendant/Appellant, John McCann, appeals from the February 9, 2015 order entered in the Philadelphia County Court of Common Pleas, staying distribution of sales proceeds and authorizing the financial monitor to review sale proceeds. Appellant also challenges the court's February 12, 2015 order enforcing a prior order appointing a financial monitor.[1] We note this appeal was filed while Appellant's first appeal before this Court, docketed at 3309 EDA 2014, was pending.[2] Consistent with this Court's holding at 3309

---

[*] Former Justice specially assigned to the Superior Court.

[1] As we discuss **infra**, Appellant does not challenge the portion of the February 9th order staying the distribution of proceeds of any sale of property. **See** Appellant's Brief at 6 (statement of questions involved).

[2] **See Nat'l Asset Loan Mgmt Ltd. v. McCann**, 3309 EDA 2014 (unpublished mem.) (Pa. Super. Sept. 3, 2015) ("**NALM**").

EDA 2014, we hold the February 12th order, and the portion of the February 9th order directing Appellant, Walnut Rittenhouse GP, LLC, and Walnut Rittenhouse Associates, L.P., to provide certain documents to the financial monitor are not appealable and thus quash.

Plaintiff/Appellee, National Asset Loan Management Limited, is a corporation in the Republic of Ireland.[3] Appellant is a citizen of Northern Ireland, United Kingdom.[4] On November 15, 2013, in the Irish courts Appellee obtained a default judgment against Appellant, which was based on Appellant's "failure to make payments as guarantor of certain defaulted loans that had been extended to companies in which [Appellant] has ownership interests."[5] **NALM**, 3309 EDA 2014 at 2 n.3.

On January 28, 2014, Appellee commenced the instant matter in the Philadelphia Court of Common Pleas by filing a praecipe to enter foreign money judgment against Appellant in the amount of $159,235,126.36. Appellant has membership interests in the following Pennsylvania entities:[6] Castleway Properties, LLC, Castleway Management Services LLC, and Walnut

---

[3] Appellee's Mot. for Imposition of Charging Order, 9/5/14, at ¶ 1.

[4] Appellant's Brief at 9.

[5] On February 12, 2014, Appellant took an appeal in the Irish courts from the default judgment entered there. As of September 3, 2015, "[t]hat appeal is currently pending." **NALM**, 3309 EDA 2014 at 3.

[6] Appellee's Mot. for Imposition of Charging Order at ¶¶ 4-6, 8.

Rittenhouse GP, LLC, as well as a partnership interest in Walnut Rittenhouse Associates, L.P. (collectively, "the McCann Entities"). We review the ensuing procedural history in detail.

The next filing on the docket is Appellee's September 5, 2014 motion for a charging order against Appellant's interests in the McCann Entities.[7] Appellee then also filed a petition for the appointment of a financial monitor,[8] which averred Walnut Rittenhouse Associates, L.P., owns "real property located at 1904-1920 Sansom Street, 1907-1915 Walnut Street and 125 South 20th Street in Philadelphia, Pennsylvania."[9] Over Appellant's objections, the court granted both motions. The first order, dated October 1, 2014, directed: "Distributions or other amounts owed or payable to [Appellant] by [the McCann Entities] shall be paid directly to [Appellee] until the amount of the judgment with interest is satisfied." Order, 10/21/14, at 1 n.1. The second order, dated October 30, 2014, appointed a "financial monitor with respect to the membership and partnership interests of" Appellant in the McCann Entities and directed the financial monitor to

---

[7] A "charging order" "is the remedy for a judgment creditor against a member's interest in a limited liability company." *Zokaites v. Pittsburgh Ir. Pubs, LLC*, 962 A.2d 1220, 1225-26 (Pa. Super. 2008).

[8] Appellee sought this relief under Pa.R.C.P. 3118(a)(6), which allows the court to "grant[ ] such other relief as may be deemed necessary and appropriate" following the entry of judgment. *See* Pa.R.C.P. 3118(a)(6).

[9] Appellee's Pet. Pursuant to Pa.R.C.P. 3118 for Appointment of Fin. Monitor, 9/12/14, at ¶ 11.

"perform a monthly review of the McCann Entities, their current finances and operations . . . and file with the court monthly reports of his findings." Order, 10/30/14, at ¶¶ 1, 3. Appellant appealed from both orders at Superior Court docket 3309 EDA 2014. He did not, however, seek a stay or supersedeas of the orders pending the appeal.

On December 12, 2014, while the appeal was pending before this Court, Appellee filed a motion to enforce the order appointing a financial monitor. It alleged Appellant "and his counsel have not complied with the Financial Monitor's repeated requests for documents, information and access to the personnel and facilities of the McCann Entities." Appellee's Mot. to Enforce Order Appointing Fin. Monitor, 12/12/14, at ¶ 7. On February 5, 2015, Appellee then filed an emergency motion averring, "[M]edia reports announced that Castleway Properties . . . has entered into a deal to sell a vacant lot on the 1900 block of Walnut Street" and "that [a buyer] has agreed to purchase" Walnut Rittenhouse Associates, L.P.'s properties "for $30 million if the current zoning . . . remains unchanged or $40 million if the property is rezoned . . . for denser development." Appellee's Emergency Pet., 2/5/15, at ¶¶ 13, 16. The emergency petition requested the prohibition of distributions or payments from Walnut Rittenhouse Associates, L.P., or Walnut Rittenhouse GP, LLC, to Appellant, arising from any sale of property.

On February 9, 2015, the court held a hearing and granted Appellee's

emergency motion to stay distribution of sale proceeds and directing Appellant, Walnut Rittenhouse GP, LLC, and Walnut Rittenhouse Associates, L.P., to provide sale-related documents to the financial monitor for review. On February 12th, the court granted Appellee's motion to enforce the charging order. On February 24th, Appellant filed the instant appeal from both court actions.

Appellant's first appeal, meanwhile, was not resolved until six months later, on September 3, 2015. In that appeal, a different panel of this Court affirmed the charging order.[10] Furthermore, the panel quashed Appellant's appeal from the order appointing a financial monitor, finding the order was not final or appealable. The panel rejected Appellant's argument that the order provided for injunctive relief under Pa.R.A.P. 311(a)(4), and found waived his claims that the order affected the possession or control of property under Pa.R.A.P. 311(a)(2) and that the order finally and incurably disposed of valuable property rights pursuant to Pa.R.A.P. 341. **NALM**, 3309 EDA 2014 at 14-16.

Preliminarily, we consider whether the trial court had jurisdiction to enter the two February 2015 orders from which the instant appeal is taken. In litigating Appellee's instant motions, the parties acknowledged the

---

[10] In affirming, the panel rejected Appellant's arguments that, *inter alia*, the instant judgment is void because Appellee failed to file a complaint in the trial court and "demonstrate that the Irish court that entered the default judgment had personal jurisdiction over" him. **NALM**, 3309 EDA 2014 at 4-8.

pending appeal,[11] but neither the trial court nor the parties discussed whether the court had jurisdiction to hear or act upon them.

Pennsylvania Rule of Appellate Procedure 1701(a) states the general rule: "Except as otherwise prescribed by these rules, after an appeal is taken or review of a quasijudicial order is sought, the trial court or other government unit may no longer proceed further in the matter." Pa.R.A.P. 1701(a). Subsection (b)(1), however, sets forth an exception for the trial court to "[t]ake such action as may be necessary to preserve the status quo . . . ." Pa.R.A.P. 1701(b)(1).

As stated above, Appellant's first appeal was taken from orders that appointed a financial monitor, directed the financial monitor to perform monthly reviews of the McCann Entities' finances and operations, and charged the McCann Entities to pay Appellee any distributions owed to Appellant. The instant order of February 9, 2015: (1) prohibited Walnut Rittenhouse Associates, L.P. and Walnut Rittenhouse GP, LLC from distributing, directly or indirectly, any proceeds from the sale of property to Appellant; and (2) directed Appellant, Walnut Rittenhouse GP, LLC and Walnut Rittenhouse Associates, L.P. to provide to the financial monitor copies of the purchase agreement, settlement agreement, title commitment and other requested documents. The February 12, 2015 order enforced the

---

[11] N.T., 2/9/15, at 6-7; Appellee's Emergency Pet. at ¶ 6; Appellant's Resp. to Emergency Pet., 2/6/15, at ¶ 6 (admitting Appellant's first appeal was pending before Superior Court).

October 30, 2014 order appointing a financial monitor; specifically, it directed Appellant to "schedule one or more dates for the financial monitor to have access to the personnel and facilities of the McCann Entities as previously requested by the financial monitor." Order, 2/12/15. We find the instant actions by the court sought to enforce its previous orders and thus to maintain the status quo. Accordingly, under Rule 1701(b)(1), we will not vacate the instant orders for lack of the trial court's jurisdiction. **See** Pa.R.A.P. 1701(b)(1).

We now consider whether the instant orders are appealable. On May 1, 2015, this Court issued a rule to show cause why this appeal should not be quashed.[12] Appellant responded that both orders are appealable under Pa.R.A.P. 311(a)(4) because they grant injunctive relief.

Appellant, however, did not acknowledge his pending appeal, at 3309 EDA 2014. That panel has since quashed the appeal from the initial financial monitor order, rejecting Appellant's argument that the order granted injunctive relief. **NALM**, 3309 EDA 2014 at 14-15.

Consistent with the prior panel's holding, we hold the February 12, 2015 order—which enforced the initial financial monitor order—is not appealable. **See Morgan v. Petroleum Prods. Equip. Co.**, 92 A.3d 823,

---

[12] The rule to show cause stated: "Generally, taking one appeal from separate judgments is not acceptable practice and is discouraged. Additionally, neither order appears to be final and appealable pursuant to Pa.R.A.P. 341(b)(1)[.]" Order, 5/1/15.

827 (Pa. Super. 2014) ("The law of the case doctrine [provides] that a court involved in the later phases of a litigated matter should not reopen questions decided by another judge of that same court or by a higher court in the earlier phases of the matter."). We thus quash the appeal from the February 12, 2015 order.

We now consider whether the February 9, 2015 order is appealable. As stated above, Appellant challenges only the portion of the order directing him, Walnut Rittenhouse Associates, L.P., and Walnut Rittenhouse GP, LLC "to provide to the Financial Monitor copies of" the purchase agreement, settlement statement, title commitment, and other requested documents relating to the sale of property.[13] *See* Order, 2/9/15, at ¶ 3. We deem this portion of the order merely duplicative of the court's initial, October 30, 2014 financial monitor order directing the financial monitor to "perform a monthly review of the McCann Entities, their current finances and operations." Order, 10/30/14, at ¶ 3; *see also id.* at ¶ 6 ("[Appellee] shall cause the McCann Entities to provide to [the financial monitor] all the information, documents, and access to persons, places and things [the financial monitor] requests . . . .."). The instant order provides more specific direction; it applies to Appellant and two of the McCann Entities only and identifies the particular documents they are to provide to the financial

---

[13] Appellant refers to the court's February 5, 2015 order as the "Sales Proceeds Injunction Order." Appellant's Brief at 2, 8, 13.

monitor for review. Thus, we again apply the holding of the prior panel of Appellant's first appeal and find this portion of the order is not appealable. *See Morgan*, 92 A.3d at 827; ***Washington v. FedEx Ground Package Sys.***, 995 A.2d 1271, 1275 n.3 (Pa. Super. 2010) (holding portion of order regarding venue and coordination is appealable as of right); ***NALM***, 3309 EDA at 14-16. We thus quash the appeal taken from the February 9, 2015 order.

Appeal quashed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/24/2015