J-A03016-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| JOOMART TOKTOBAEV AND ULUKBEK DZHUMALIEV<br><br>         Appellees<br><br>         v.<br><br>ALPHA CONTRACTING III, LLC, KG CONSTRUCTION, ALLEGHENY POWER, WEST PENN POWER COMPANY, ALLEGHENY ENERGY, FIRST ENERGY CORPORATION, TRANZSPORTER, TIE DOWN ENGINEERING, INC., FAITH ALLIANCE CHURCH AND THE WESTERN PENNSYLVANIA DISTRICT OF THE CHRISTIAN AND MISSIONARY ALLIANCE<br><br>APPEAL OF: FIRST ENERGY CORPORATION, ALLEGHENY ENERGY, INC., AND WEST PENN POWER COMPANY | IN THE SUPERIOR COURT OF PENNSYLVANIA<br><br><br><br><br><br><br><br><br><br>No. 882 EDA 2015 |

Appeal from the Order Entered March 9, 2015
In the Court of Common Pleas of Philadelphia County
Civil Division at No(s): 537 September Term, 2013

| | |
|---|---|
| HELEN ESBENSHADE, ESQUIRE, ADMINISTRATRIX AND PERSONAL REPRESENTATIVE OF THE ESTATE OF ADYLBEK MURATALIEV, DEC.<br><br>         Appellee<br><br>         v.<br><br>ALPHA CONTRACTING III, LLC, KG CONSTRUCTION, ALLEGHENY POWER, ALLEGHENY ENERGY, WEST PENN POWER COMPANY, FIRST ENERGY CORPORATION, TRANZSPORTER, TIE DOWN ENGINEERING, INC., FAITH | IN THE SUPERIOR COURT OF PENNSYLVANIA |

J-A03016-16

ALLIANCE CHURCH, AND THE WESTERN
PENNSYLVANIA DISTRICT OF THE
CHRISTIAN MISSIONARY ALLIANCE

APPEAL OF: FIRST ENERGY CORP.,
ALLEGHENY ENERGY, INC., AND WEST                    No. 894 EDA 2015
PENN POWER COMPANY

Appeal from the Order Entered March 9, 2015
In the Court of Common Pleas of Philadelphia County
Civil Division at No(s): September Term, 2013, No. 1552

BEFORE:  GANTMAN, P.J., MUNDY, J., and DUBOW, J.

MEMORANDUM BY MUNDY, J.:                              **FILED MAY 18, 2016**

Appellants, First Energy Corporation, Allegheny Energy, Inc., and West

Penn Power Company, appeal from the March 9, 2015 order coordinating

these two cases in Philadelphia County pursuant to Pennsylvania Rule of Civil

Procedure 213.1.  After careful review, we affirm.

A prior panel of this Court adopted the following facts of this case.

> This case arises out of an incident which occurred on
> September 19, 2011, wherein [Helen Esbenshade,
> Esquire's] Decedent, Mr. Adylbek Murataliev, was
> properly and lawfully engaging in construction and/or
> roofing services at the Faith Alliance Church in
> Saltsburg, Pennsylvania, and was required to use a
> TranzSporter roofing hoist, model number LH4000,
> to complete his assigned duties and tasks.  On the
> time and date aforesaid, Mr. Murataliev and two
> other co-workers, Joomart Toktobaev and Ulukbek
> Dzhumaliev [(collectively Appellees)], were using the
> roofing hoist, when suddenly and without warning,
> the hoist moved and made contact with a 12 kV
> overhead electrical power line, which was installed
> and maintained in very close proximity to the Faith
> Alliance Church building.  As a result of the
> TranzSporter roofing hoist making contact with the

- 2 -

> live 12 kV overhead electrical power line, Mr. Murataliev was electrocuted and died. [Ms. Esbenshade, as administratrix and personal representative of the estate of Mr. Murataliev, brought a lawsuit in Philadelphia County on September 13, 2013 under the caption Esbenshade v. Alpha Contracting III, LLC, et al., September Term 2013, No. 1552 (Esbenshade Case).]
>
> Additionally, Messrs. Toktobaev and Dzhumaliev were also severely injured in the incident and both individuals have filed their own lawsuit under the caption, Toktobaev v. Alpha Contracting III, LLC, et al., September Term 2013, No. 537 (Philadelphia County) [(Toktobaev Case)]. [The Toktobaev Case was filed on September 5, 2013.] Importantly, the lawsuit filed by Messrs. Toktobaev and Dzhumaliev involves the exact same Defendants, as well as the same allegations of negligence.

***Esbenshade v. Alpha Contracting III, LLC, et al.***, 116 A.3d 675 (Pa. Super. 2014) (unpublished memorandum at 2) (citation omitted).

This case has a complex procedural history. As an overview, the parties have been contesting the proper venue for these cases in myriad filings in three cases, upon which three judges have issued rulings. In addition to the Toktobaev Case and the Esbenshade Case, there was a third matter involving the parties, a declaratory judgment action filed on December 20, 2013, by Atlantic Casualty Insurance Company (Atlantic Casualty Case). In that case, Atlantic Casualty sought a declaratory judgment that its insurance policy excluded from coverage the claims against its insured, KG Construction, in the Esbenshade Case and the Toktobaev Case.

In the Toktobaev Case, Appellants filed preliminary objections to the complaint, arguing, in part, that Philadelphia County was not the proper venue and, alternatively, that the trial court should transfer the case to Indiana County based on *forum non conveniens*. On January 17, 2014, The Honorable Frederica Massiah-Jackson struck the preliminary objections, and Philadelphia County remained the venue. Trial Court Order, 1/17/14, at 1, *citing*, Pa.R.C.P. 1006(d)(1) (providing that any party can petition the trial court to transfer the action for the convenience of the parties and witnesses); Pa.R.C.P. at 2179 (listing proper venue for a personal action against a corporation); Second Amended Complaint, 11/22/13, at ¶ 35 (alleging "[a]ll defendants are jointly and severally liable for the injuries that Plaintiffs Joomart Toktobaev and Ulukbek Dzhumaliev suffered[]").

Appellants also filed substantially similar preliminary objections to Esbenshade's complaint, which were assigned to a different Philadelphia County trial judge, the Honorable Mark I. Bernstein, for disposition. Unlike the preliminary objections in the Toktobaev Case, these were scheduled for evidentiary hearing and argument on January 24, 2014. Trial Court Order, 11/22/13, at 1.[1] The trial court also authorized the parties to conduct discovery relevant to the question of venue. *Id.* On January 27, 2014, ten

_____

[1] We note that most of the trial court orders do not contain pagination. For ease of review, we have assigned each page a corresponding page number when necessary.

days after Judge Massiah-Jackson struck the preliminary objections to the Toktobaev complaint, Judge Bernstein entered an order sustaining Appellants' preliminary objections and transferring venue of the Esbenshade Case to Indiana County based on *forum non conveniens*. Trial Court Order, 1/27/14, at 1. On January 31, 2014, Esbenshade appealed to this Court.

While that appeal was pending, on February 17, 2014, Esbenshade filed, in the Atlantic Casualty Case, a motion to consolidate all three cases in Philadelphia County under Pennsylvania Rule of Civil Procedure 213(a). In an order dated March 21, 2014, The Honorable Pamela Pryor Dembe denied the motion to consolidate.

In addition, Appellants filed a motion to transfer the Toktobaev Case to Indiana County. On July 2, 2014, Judge Bernstein denied that motion, reasoning that he could not overrule Judge Massiah-Jackson's previous ruling on *forum non conveniens* in the January 17, 2014 order. Appellants then filed a motion for Judge Bernstein to amend his order to certify it as an interlocutory order for appeal pursuant to Pennsylvania Rule of Appellate Procedure 311(b)(2). On August 25, 2014, Judge Bernstein denied that motion, and Appellants petitioned for review with this Court. On November 7, 2014, this Court denied the petition for review.

Thereafter, on December 2, 2014, this Court affirmed the trial court's order sustaining the preliminary objections and transferring the Esbenshade Case to Indiana County. **Esbenshade**, **supra** at 12; (Bowes, J.,

unpublished concurring memorandum at 2); (Strassburger, J., unpublished concurring memorandum at 1).[2] Specifically, the majority of that panel concluded that "based upon the location of the accident, its distance from Philadelphia, and the number of witnesses located 300 miles away from [Esbenshade's] chosen forum, the trial court did not abuse its discretion in transferring [the Esbenshade Case] to Indiana County." *Id.* at 2 (Bowes, J., concurring). Further, the concurring memorandum authored by Judge Strassburger noted "that this case, along with those of Toktobaev and Dzhumaliev, cries out for coordination." *Id.* at 1 (Strassburger, J., concurring).

On January 23, 2015, Esbenshade filed, in the Esbenshade Case, a motion to coordinate all three cases in Philadelphia County. Esbenshade's Motion to Coordinate, 1/23/15, at ¶ 18, 22-25. It was assigned to Judge Bernstein. Appellants filed a brief in opposition to coordination. Atlantic Casualty filed an answer to the motion to coordinate. Toktobaev and

_____

[2] The Honorable Paula Ott's lead memorandum concluded that Esbenshade had waived the issues relating to *forum non conveniens*. ***Esbenshade***, ***supra*** at 8. The Honorable Mary Jane Bowes' concurring memorandum found that Esbenshade did not waive the issues relating to *forum non conveniens* and affirmed the trial court on the merits. ***Esbenshade***, ***supra*** at 2 (Bowes, J., concurring). The Honorable Gene Strassburger joined Judge Bowes' concurring memorandum. *Id.* at 1 (Strassburger, J., concurring). Therefore, the prior panel affirmed the trial court's decision to transfer venue based on *forum non conveniens* on the merits.

Dzhumaliev filed a response in support of the motion to coordinate, requesting that the trial court coordinate the cases in Philadelphia County.

On February 13, 2015, in the Atlantic Casualty Case, Judge Dembe entered declaratory judgment in favor of Atlantic Casualty, finding it had no duty to defend or indemnify its insured in this case and the Toktobaev Case. That order was not appealed.

On March 9, 2015, Judge Bernstein entered an order coordinating the Esbenshade Case and the Toktobaev Case in Philadelphia County.[3] Appellants filed a timely notice of appeal with this Court.[4]

On appeal, Appellants present the following issues for our review.

1. Whether the [t]rial [c]ourt erroneously coordinated the two injury cases in Philadelphia County (rather than Indiana County) under the mistaken belief that Rule 213.1 of the Pennsylvania Rules of Civil Procedure required the cases to be coordinated in Philadelphia County, the venue in which the first case was filed?

2. Whether the Superior Court's ruling that it would be oppressive to try the Estate's action in Philadelphia County precluded the [t]rial [c]ourt from invoking the coordination rule on remand as a vehicle to transfer venue from Indiana County back to Philadelphia County?

_____

[3] We note the order was dated February 25, 2015 and docketed on March 9, 2015.

[4] The trial court did not order Appellants to file a Pennsylvania Rule of Appellate Procedure 1925(b) concise statement of errors complained of on appeal. The trial court filed its opinion on May 27, 2015.

3. The [t]rial [c]ourt ruled that it would be oppressive—and not merely inconvenient—to try the [Esbenshade] action in Philadelphia County. In selecting the venue in which to coordinate the [Esbenshade] action with the [Toktobaev] action arising out of the same accident, did the [t]rial [c]ourt err by selecting the oppressive venue (Philadelphia County) rather than the non-oppressive venue (Indiana County)?

Appellants' Brief at 3.

Our standard of review for an order of coordination is whether the trial court abused its discretion. *Pa. Mfrs.' Ass'n Ins. Co. v. Pa. State Univ.*, 63 A.3d 792, 794 (Pa. Super. 2013). We have explained that the following principles guide our review.

> Where the record provides a sufficient basis to justify the order of coordination, no abuse of discretion exists. Whether we would have reached the same conclusion is immaterial. In exercising its discretion, the trial court should receive guidance not only from the enumerated [Pennsylvania Rule of Civil Procedure 213.1(c)] criteria … but also from the explanatory comment to Rule 213.1(c), which explains that the ultimate determination that the court must make is whether coordination is "a fair and efficient method of adjudicating the controversy."

*Washington v. FedEx Ground Package Sys.*, 995 A.2d 1271, 1277 (Pa. Super. 2010) (citations omitted).

Further, Rule 213.1 provides, in part, as follows.

**Rule 213.1 Coordination of Actions in Different Counties**

(a)  In actions pending in different counties which involve a common question of law or fact or which

- 8 -

arise from the same transaction or occurrence, any party, with notice to all other parties, may file a motion requesting the court in which a complaint was first filed to order coordination of the actions. Any party may file an answer to the motion and the court may hold a hearing.

…

(c)   In determining whether to order coordination and which location is appropriate for the coordinated proceedings, the court shall consider, among other matters:

> (1)   whether the common question of fact or law is predominating and significant to the litigation;
>
> (2)   the convenience of the parties, witnesses and counsel;
>
> (3)   whether coordination will result in unreasonable delay or expense to a party or otherwise prejudice a party in an action which would be subject to coordination;
>
> (4)   the efficient utilization of judicial facilities and personnel and the just and efficient conduct of the actions;
>
> (5)   the disadvantages of duplicative and inconsistent rulings, orders or judgments;
>
> (6)   the likelihood of settlement of the actions without further litigation should coordination be denied.

(d)   If the court orders that actions shall be coordinated, it may

> (1)   stay any or all of the proceedings in any action subject to the order, or

> > (2) transfer any or all further proceedings in the actions to the court or courts in which any of the actions is pending, or
> >
> > (3) make any other appropriate order.
> >
> > …

Pa.R.C.P. 213.1(a), (c)-(d).

In their first issue, Appellants contend that the trial court erred in ordering the cases to be coordinated in Philadelphia County. Appellants' Brief at 25. Appellants argue, "Judge Bernstein did not consider whether Indiana County would be a more appropriate venue …. Judge Bernstein did not … determine that Philadelphia County was a more appropriate venue than Indiana County in which to resolve the coordinated cases." *Id.* at 25-26. Appellees respond that "Appellants failed to properly raise this issue at the trial court." Appellees' Brief at 5.

The text of Rule 213.1(c) reveals that a coordination analysis has two parts. Pa.R.C.P. 213.1(c). First, the trial court must determine whether to coordinate the cases. *Id.* Second, if coordination is appropriate, the trial court must then decide which county should conduct the proceedings. *Id.*

In this case, Appellants contend that the trial court erred in ordering coordination without conducting the second step of the Rule 213.1 analysis, *i.e.*, which county should hear the cases. Appellants' Brief at 25-26. However, Appellants did not present the trial court with Indiana County as an option. Instead, in their brief in opposition to the motion to coordinate,

they expressly requested that the trial court not consider coordinating the cases in Indiana County as follows.

> [Appellants] do not necessarily dispute that the Toktobaev [Case] and the [Esbenshade Case] involve common issues of law and fact such that coordination in Indiana County—where it would not be oppressive to resolve the cases—could be appropriate. These entities reserve the right to seek coordination of those two cases in Indiana County **in the future**. However, **that more limited issue is not implicated in the Motion to Coordinate**.

Appellants' Brief in Opposition to Esbenshade's Motion to Coordinate, 2/12/15, at 5 n.1 (emphasis added). Appellants then focused their argument on the reasons that the cases should not be coordinated. *Id.* at 6-12.

Now, on appeal, Appellants, for the first time, advocate Indiana County as the location for the coordinated cases and contend that the trial court should have considered whether to coordinate the cases in Philadelphia County or Indiana County. Appellants' Brief at 25-26. Because Appellants did not present this issue to the trial court, it is not preserved for our review. *See* Pa.R.A.P. 302(a) (declaring "[i]ssues not raised in the lower court are waived and cannot be raised for the first time on appeal[]"). Appellants made the strategic decision to focus on the first part of the coordination analysis, whether coordination was appropriate, believing that the choice of which county to coordinate in was not before the trial court in the motion to coordinate. Appellants' Brief in Opposition to Esbenshade's Motion to

- 11 -

Coordinate, 2/12/15, at 5 n.1. Appellants misapprehended Rule 213.1(c), but they cannot revise and reconstruct their strategy in this Court. **See** Pa.R.A.P. 302(a). Therefore, we conclude that Appellants have waived this issue by not raising it in the trial court. **See id.**

We address Appellants' two remaining issues together. Therein, Appellants contend that the trial court previously found that Philadelphia County was an "oppressive" venue for the Esbenshade Case, and the Superior Court affirmed that decision. Appellants' Brief at 30. Appellants assert that the trial court was not permitted to coordinate the Esbenshade Case in Philadelphia County because that disturbs this Court's decision to affirm venue in Indiana County based on its *forum non conveniens* analysis. **Id.** Appellants also argue that it circumvents numerous trial court rulings on venue. **Id.** at 34.

This Court has noted that the issue of *forum non conveniens*[5] is different from the Rule 213.1 coordination analysis. "We reiterate that convenience is only one factor, and not the overriding factor, in such determinations." **Pa. Mfrs.'**, **supra** at 795. "Ultimately, as we explained in **Washington**, the trial court's primary task is not to balance the relative

---

[5] We note that Pennsylvania Rule of Civil Procedure 1006(d)(1) is the basis of *forum non conveniens*. It provides that "[f]or the convenience of the parties and witnesses the court upon petition of any party may transfer an action to the appropriate court of any other county where the action could originally have been brought." Pa.R.C.P. 1006(d)(1).

convenience of the parties, but to decide if the proposed coordination would provide 'a fair and efficient method of adjudicating the controversy.'" ***Id.*** at 796, *quoting **Washington***, ***supra*** at 1277.

Here, Judge Bernstein decided the coordination motion. He explained that the cases should be coordinated because they are "clearly related" because they "derive from the same operative facts." Trial Court Opinion, 5/27/15, at 3. He then chose to coordinate them in Philadelphia County, where the first-filed case remained. ***Id.*** He did so even though he had determined that Philadelphia County was not a convenient forum for Appellants. Our prior panel decision and the other trial court orders were not controlling on the question of whether the coordination was "a fair and efficient method" to resolve the cases. ***Pa. Mfrs'***, ***supra***. Rule 213.1 permitted the trial court to coordinate the cases in Philadelphia County, even though it was not convenient for some of the parties because convenience is not dispositive. ***See id.***

Further, the record supports the decision to coordinate. There is no question that the cases involved common issues of fact and law. ***See*** Pa.R.C.P. 213.1(c)(1). Appellants presented no evidence or argument that coordination would result in prejudice. ***Id.*** at 213.1(c)(3). Coordination would be a more efficient use of judicial resources because two courts of common pleas deciding the cases would result in a large duplication of efforts, and possibly result in inconsistent rulings, orders, or judgment. ***Id.***

at 213.1(c)(4)-(5). These factors weighed heavily in favor of coordination and the trial court was permitted to conclude they outweighed the convenience of the parties, witnesses, and counsel. *Id.* at 213.1(c). Moreover, even in the event the issue was not waived, the trial court did not abuse its discretion in selecting Philadelphia County as the location for the coordinated proceedings. Therefore, we will not disturb the trial court's decision. *See Washington*, *supra*.

For the foregoing reasons, we find Appellants' issues waived or without merit. Accordingly, we affirm the trial court's March 9, 2015 order coordinating these cases in Philadelphia County.

Order affirmed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary


Date: 5/18/2016

- 14 -