J-A12042-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| CHRISTINA MARIE COSTANZO CLARK | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| MICHAEL JOHN CLARK | : | |
| | : | No. 21 EDA 2025 |
| Appellant | | |

Appeal from the Order Entered November 25, 2024
In the Court of Common Pleas of Delaware County
Civil Division at No(s): CV-2017-002435

BEFORE: STABILE, J., DUBOW, J., and SULLIVAN, J.

MEMORANDUM BY SULLIVAN, J.:                    **FILED JULY 22, 2025**

Michael John Clark ("Father") appeals from the order staying his motion to modify custody pending a decision in his appeal from a separate order finding him in contempt of a previous custody order. We quash.

Father and Christina Marie Costanzo Clark ("Mother") are divorced and have three children, F.C. (born in May 2006), O.C. (born in October 2011), and, J.C. (born in January 2014) (collectively, "the children"). In January 2020, Father and Mother entered into an agreed custody order that awarded Mother primary physical custody of the children, Father partial physical custody of the children, and Mother and Father shared legal custody of the children ("the 2020 agreed custody order"). **See** Agreement & Order in Custody, 1/28/20, at ¶¶ 1-3. The 2020 agreed custody order also provided that J.C. would complete a cycle of therapy with Dr. Jo Ann Cohen, Ph.D. ("Dr. Cohen").

In February 2024, Father filed a petition to modify custody, asserting that Mother was violating the shared legal custody provision of the 2020 agreed order. Father generally alleged that Mother "repeatedly and unilaterally permitted the children to participate in extracurricular activities without informing [him] and without his consent[.]" Pet. to Modify Custody 2/7/24, at ¶ 7(c). Father recounted specific complaints with respect to F.C., who was then three months short of her eighteenth birthday. Father asserted that from the weekend of September 2023 to the time of his petition, he had not seen F.C. *See id*. at ¶ 5. Father claimed Mother did not inform him F.C. refused to see him, had encouraged F.C. to refuse to go to his house, and did not otherwise encourage F.C. to communicate with him or see him. *See id*. at ¶ 6. Father also asserted Mother had allowed F.C. to travel to Spain and Florida "without Father's authority," and permitted F.C.'s boyfriend to stay with F.C. at Mother's home and to go on vacation with Mother and F.C. *Id*. at ¶¶ 6(d), 7(d). With respect to J.C., who was then ten years old, Father's petition to modify custody asserted Mother scheduled appointments for J.C. to see Dr. Cohen over Father's objections. *See id*. at ¶ 7(a).

Although Father titled his petition as a petition to modify custody, the petition requested more limited relief. Specifically, he requested that the trial court direct Mother to comply with the terms of the 2020 agreed custody order, honor the shared legal custody provision, share information with Father, and not interfere with his legal custody rights. *Id*. at *ad damnum* cl.

One month after filing the petition to modify custody Father cancelled all of J.C.'s sessions with Dr. Cohen without consulting Mother, and Mother filed a petition for contempt asserting that Father's unilateral cancellation of J.C.'s treatment with Dr. Cohen violated the 2020 agreed custody order. The trial court granted Mother's contempt petition, and Father timely appealed that order ("the contempt appeal").[1]

Meanwhile, the trial court had issued orders in anticipation of a full custody trial, including orders for custody evaluations and mental health evaluations, as well as an order to file pretrial statements.[2] Although trial had been set for November 19, 2024, that trial did not take place. On November 25, 2024, the trial court *sua sponte* entered an order staying Father's petition to modify custody ("the stay order"). Father filed a motion for reconsideration, and Mother filed a response. The trial court did not take any action on the motion for reconsideration. Father timely appealed and contemporaneously filed a Pa.R.A.P. 1925(b) statement. The trial court filed a responsive opinion explaining that it stayed the trial on Father's petition to modify custody in light of the contempt appeal and pursuant to Pa.R.A.P. 1701. **See** Pa.R.A.P. 1701(a) (stating that "[e]xcept as otherwise prescribed by these rules, after

_____

[1] We address Father's contempt appeal at J-A12041-25.

[2] It appears that Mother and Father appeared before a hearing officer in April 2024, after which Father filed a form requesting a "primary/shared physical custody trial." However, the record does not contain a transcript of an April 2024 hearing before the custody conciliator, and there is no documentation concerning when, or if, Father requested a modification to the legal or physical custody provisions of the 2020 agreed custody order.

- 3 -

an appeal is taken . . ., the trial court or other government unit may no longer proceed further in the matter").

In this appeal, Father raises three issues challenging the stay order. *See* Father's Br. at 2-3. Before addressing the issues, however, we must consider whether we have jurisdiction to review the subject of Father's appeal, *i.e.*, the trial court's order directing a stay. *See Z.P. v. K.P.*, 269 A.3d 578, 586 (Pa. Super. 2022).

As this Court has stated:

[A]n appeal may be taken from: (1) a final order or an order certified as a final order (Pa.R.A.P. 341); (2) an interlocutory order as of right (Pa.R.A.P. 311); (3) an interlocutory order by permission (Pa.R.A.P. 312, 1311, 42 Pa.C.S.A. § 702(b)); or (4) a collateral order (Pa.R.A.P. 313).

*Id*. (internal citation and indentation omitted).

Here, the trial court has not certified the stay order as a final order. Moreover, Pa.R.A.P. 311 contains no provision permitting an appeal from an order directing a stay. Father has not petitioned for permission to appeal. Therefore, we consider whether the stay order constitutes a final order under Pa.R.A.P. 341(b)(1) or a collateral order under Pa.R.A.P. 313.

A final order disposes of all claims and all parties. *See* Pa.R.A.P. 341(b)(1); *Z.P.*, 269 A.3d at 586. This Court has held that "a custody order will be considered final and appealable only after the trial court has completed its hearings on the merits and the resultant order resolves the pending custody claims between the parties." *G.B. v. M.M.B.*, 670 A.2d 714, 715 (Pa. Super. 1996) (*en banc*). We recognize that matters of custody are unique and

- 4 -

implicate important policies requiring different analyses of finality than other civil orders.  *See id*. at 718.

Additionally, a stay order may be considered final if it amounts to a permanent denial of relief.  *See Washington v. FedEx Ground Package Sys.*, *Inc.*, 995 A.2d 1271, 1275 (Pa. Super. 2010) (discussing *Philco Corp. v. Sunstein*, 241 A.2d 108 (Pa. 1968)); *Opperman v. Opperman*, 443 A.2d 313, 315 (Pa. Super. 1982) (same).  Our Supreme Court has stated that "consideration of the practical effects of the stay order on appellant's cause of action is an essential prerequisite in determining whether the order appealed from is interlocutory."  *Philco*, 241 A.2d at 110.

Here, it is beyond contention the stay order was not a final order under Pa.R.A.P. 341(b)(1) because it did not dispose of any of the parties or issues in Father's petition to modify custody, and the trial court did not enter the order after a hearing on the merits.  *See* Pa.R.A.P. 341(b)(1); *G.B.*, 670 A.2d at 715.  Therefore, the stay order does not fall within Pa.R.A.P. 341(b)(1)'s definition of a final order.

With respect to the *Philco* exception, we must also consider the practical effects of the stay order on Father's cause of action.  *See Philco*, 241 A.2d at 110.  Significantly, although Father's petition to modify custody raised numerous allegations concerning F.C., F.C. had turned eighteen years old *before* the entry of stay order.  Therefore, his cause of action with respect to F.C. became moot before the entry of the stay order in this matter, *see*

***M.B.S. v. W.E.***, 232 A.3d 922, 928-29 (Pa. Super. 2020), and the stay order cannot operate as a permanent denial of relief as to F.C.

As to O.C. and J.C., who are currently fourteen and eleven years old respectively, Father's petition to modify raised general allegations that Mother "repeatedly and unilaterally permitted the children to participate in extracurricular activities without informing [him] and without his consent."[3] While we are mindful of the unique nature of custody matters and the need for the prompt and comprehensive review of custody related matters, ***see G.B.***, 670 A.2d at 715, the record does not sustain a conclusion that the stay would amount to a ***permanent*** denial of relief on Father's claims concerning O.C. and J.C.[4]  Thus, we conclude the stay order is an interlocutory order not subject to appeal under Pa.R.A.P. 341(b)(1) or the ***Philco*** exception.  ***Cf. Washington***, 995 A.2d at 1276.

---

[3] Father's petition to modify also raised a claim that Mother had scheduled J.C.'s sessions with Dr. Cohen over his objections.  However, after Father unilaterally cancelled all sessions with Dr. Cohen, and Father and Mother agreed to seek a new counselor for J.C.  ***See*** Temporary Custody Order, 4/30/24, at 4.

[4] We note that Father argues he also raised claims that Mother was attempting to turn the children against him and that Mother failed to comply with the trial court's pretrial orders for custody evaluations and mental health evaluations. ***See*** Father's Br. at 16-17.  However, Father did not raise these claims in his petition to modify or in any separate custody petitions in the record.  It therefore appears Father raised these claims for the first time in his motion for reconsideration of the stay order.  ***See id***.; ***see also*** Mot. for Reconsideration, 12/3/24, unnumbered at 2.  This Court will not consider issues raised for the first time in a motion for reconsideration.  ***See Meyer-Chatfield Corp. v. Bank Fin. Servs. Grp.***, 143 A.3d 930, 938 n.4 (Pa. Super. 2016).

Next, we consider whether the stay order is appealable as a collateral order. Pennsylvania Rule of Appellate Procedure 313(b) defines a collateral order as follows:

> A collateral order is an order separable from and collateral to the main cause of action where the right involved is too important to be denied review and the question presented is such that if review is postponed until final judgment in the case, the claim will be irreparably lost.

Pa.R.A.P. 313(b). As this Court stated:

> With regard to the first prong of the collateral order doctrine, an order is separable from the main cause of action if it is entirely distinct from the underlying issue in the case and if it can be resolved without an analysis of the merits of the underlying dispute. Regarding the second prong, a right is important if the interests that would go unprotected without immediate appeal are significant relative to the efficiency interests served by the final order rule. It is not sufficient that the issue under review is important to a particular party; it must involve rights deeply rooted in public policy going beyond the particular litigation at hand. Concerning the third prong, whether a party's claims will be irreparably lost if review is postponed turns on the particular facts and circumstances of each case.

*Z.P.*, 269 A.3d at 587 (internal citations, quotation marks, and brackets omitted).

We conclude that the stay order fails to meet the second and third prongs of the collateral order test. Pennsylvania has not yet recognized a remedy for alleged violations of the rule governing prompt disposition of custody matters. *See* Pa.R.Civ.P. 1915.4(c); *see also Heffley v. Heffley*, 318 A.3d 1290, 2024 WL 1855126 (Pa. Super. 2024) (unpublished mem. decision at *8); Pa.R.A.P. 126(b)(1). Moreover, it is unclear whether Father's claim will be irreparably lost. Father is free to develop a claim that the delay

caused prejudice. Additionally, there is no indication that the parties filed their pre-trial statements in anticipation of the scheduled November 19, 2024 trial date. If true, this matter would not have been ready for trial. Nothing prevents the trial court from lifting the stay upon further development of the facts and legal issues involved in resolution of Father's petition to modify custody. Accordingly, having reviewed the facts and circumstances of this matter, we conclude that the stay order is not a collateral order subject to appeal.

Appeal quashed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 7/22/2025